IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | **AMENDED ORDER GRANTING MOTION** |
| ) | **FOR RELEASE FROM CUSTODY** |
| vs. ) | |
| ) | |
| John Nicholas Nihill, ) | Case No. 1:25-cr-201 |
| ) | |
| Defendant. ) | |

Defendant is charged in a Superseding Indictment with two offenses: (1) conspiracy to distribute and possess with intent to distribute controlled substances; and (2) possession with intent to distribute methamphetamine. (Doc. No. 7). Following a detention hearing on October 20, 2025, the court ordered him detained opining:

> Defendant has not presented sufficient evidence to rebut the presumption of detention. Even if rebutted, the presumption remains a factor for the court to consider along with the 18 U.S.C. § 3142(g) factors. When considering these factors, the court finds that detention of Defendant is merited. Defendant has an extensive criminal history and history of substance abuse for which he has not received treatment. Defendant also has a history of noncompliance with court-ordered release conditions. Defendant is presently unemployed and does not presently possess the resources necessary to support independent living. Defendant's proposed release plan does not include a treatment component. Defendant's proposed residence lacks the level of structure, supervision, and security required under the circumstances. Defendant is therefore ordered detained. However, the court will add Defendant to the waiting list for a residential reentry placement.

(Doc. No. 34).

On January 27, 2026, Defendant filed a Motion for Release from Custody. (Doc. No. 74). Defendant has secured a placement at Providence House's inpatient treatment facility in Arnegard, North Dakota. Advising that Providence House will arrange for his transport, Defendant requests to be released on February 3, 2026, so that he can travel to and participate in Providence House's

treatment program. On February 2, 2026, Defendant filed supplement to his motion, advising that Providence House cannot transport him to its Arnegard facility until February 17, 2026. (Doc. No. 77).

A detention hearing may be reopened "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2).

Having reviewed the record, the court is inclined to release Defendant to Providence House for treatment. First, a placement at Providence House is new information. Second, the court previously advised Defendant that it may revisit the issue of detention on appropriate motion should he secure a placement in a residential reentry facility or established residential treatment program. Providence House fits this criteria as it is well-established, has professional staff, and treatment, and aftercare options. Third, Defendant has now endured an extended period of forced sobriety and would benefit from treatment.

Defendant's Motion for Release from Custody (Doc. No. 74) is **GRANTED**. Defendant shall be released to a representative of Providence House no earlier than 9:00 AM on February 17, 2026, for transport to Providence House's facility in Arnegard. Defendant's release shall be subject to the following conditions:

(1)   Defendant shall not violate federal, state, tribal, or local law while on release.
(2)   Defendant shall appear in court as required and surrender for any sentence imposed.
(3)   Defendant shall refrain from the use of alcohol; any use or possession of a narcotic drug and other controlled substances defined in 21 U.S.C. § 802 or state statute, unless prescribed by a licensed medical practitioner, any use of medical marijuana, and any use of inhalants. Defendant shall submit to drug/alcohol screening at the

|     | direction of the Pretrial Services Officer to verify compliance. Failure or refusal to submit to testing or tampering with the collection process or specimen may be considered the same as a positive test. |
|-----|---|
| (4) | Except upon prior approval from the Pretrial Services Officer, Defendant's travel is restricted to North Dakota. |
| (5) | Defendant shall report to the Pretrial Services Officer at such times and in such manner as designated by the Officer. |
| (6) | Defendant shall not possess a firearm, destructive device, or other dangerous weapon. |
| (7) | Defendant shall report to and reside at Providence House, fully participate in its programming, and comply with all of its rules and regulations. |
| (8) | Defendant shall not knowingly or intentionally have any direct or indirect contact with witness(es), or co-defendant(s), except that counsel for Defendant, or counsel's agent or authorized representative, may have such contact with such person(s) as is necessary in the furtherance of Defendant's legal defense. |
| (9) | Defendant must sign all release forms to allow the Pretrial Services Officer to obtain information from Providence House OR to communicate with Providence House about his progress there.<br><br>Any passes from Providence House must be approved by the Pretrial Services Officer.<br><br>If for any reason Defendant is terminated from Providence House, he must immediately surrender to the custody of the United States Marshal.<br><br>At least 96 hours prior to anticipated completion of the treatment program, Defendant must advise the Pretrial Services Officer of his anticipated completion |

date so the court may schedule a hearing to review Defendant's release status.

If Defendant successfully completes Providence House's programming, the Pretrial Services Officer may approve Defendant's transition to an appropriate sober living facility.

(10) Defendant shall submit his person, residence, vehicle, and/or possessions to a search conducted by a Pretrial Services Officer at the request of the Pretrial Services Officer. Failure to submit to a search may be grounds for revocation of his release. Defendant shall notify any other residents that the premises may be subject to search pursuant to this condition.

(11) Defendant shall not obtain a passport and other foreign travel document(s).

(12) Defendant must report as soon as possible, to the Pretrial Service Office or his supervising Pretrial Services Officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

If Defendant cannot be transported to Providence House as anticipated on February 17, 2026, he shall remain in custody pending further order.

**IT IS SO ORDERED.**

Dated this 2nd day of February, 2026.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court